PETER, Respondent, vs. HOPP and another, Appellants.

*September 12—October 8, 1929.*

For the appellants there was a brief by *Sanderson & Stapleton* of Sturgeon Bay, and oral argument by *T. A. Sanderson.*

For the respondent there was a brief by *Chadek & Cornelisen* of Green Bay, and oral argument by *F. P. Cornelisen.*

ROSENBERRY, C. J. Counsel for the defendants urge very vigorously and insistently. that the plaintiff was guilty of contributory negligence as a matter of law, basing this claim upon the fact that the plaintiff knowingly entered a zone of danger and heedlessly submitted himself to the risks and hazards attendant thereon. It is also claimed that the look-and-listen doctrine applies to pedestrians crossing the streets in the face of automobile traffic.

The plaintiff in this case was without dispute in the exercise of some degree of care. He was aware of the situation which had existed at the time and place in question. He had observed the oncoming of the car by which he was subsequently struck. He took a position which he thought it was proper for him to take, where he could be seen and where the oncoming car would have ample opportunity to avoid him. We know of no standard of conduct which enables us to say that in so conducting himself the plaintiff was guilty of a want of ordinary care, as a matter of law. It is a matter of common observation that hundreds of people do exactly what the defendant did in this case. It was clearly a question for the jury whether or not, under all the circumstances, at the time and place in question, the plaintiff was guilty of want of ordinary care.

This case might well have been decided without opinion, but because of the peculiar circumstances and the claims made, a brief statement of facts and our conclusions are given.

Other questions have been raised in the case which have been given careful consideration, but we do not find it necessary to discuss them. It is urged especially that the verdict is excessive. The verdict is large, but under the facts of this case it cannot be said that it is excessive. Plaintiff had loss

of wages, doctor and hospital bills of $1,032.85, leaving $2,817.15 account permanent disability, pain, and suffering. He sustained an injury to his ear which results in a continuous sizzling noise, both legs were broken, there is a permanent shortening of three quarters of an inch of the right leg, and other circumstances which bring the verdict of the jury within the field of reasonableness.

*By the Court.*—Judgment affirmed.